UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wendy F. Davis,　　　　　　　　　　　　　　　　Case No. 3:22-cv-301

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　ORDER

University of Toledo,

　　　　　　Defendant.

On February 22, 2022, Plaintiff Wendy F. Davis filed suit against Defendant the University of Toledo, her former employer. (Doc. No. 1). She asserts claims for race-based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981 and 1981A, and also seeks attorney fees, costs, and expert fees pursuant to 42 U.S.C. § 1988. (*Id.* at 12-15).

Defendant filed an Answer to the Complaint, (Doc. No. 8), as well as a motion for judgment on the pleadings. (Doc. No. 9). Motions for judgment on the pleadings filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The pleadings must demonstrate sufficient factual matter that, when taken as true, states a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The moving party must show there is no material issue of fact and that the movant is entitled to judgment as a matter of law. *Paskavan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

In its Rule 12(c) motion, Defendant argued Davis's § 1981 claims are barred by the Eleventh Amendment and that Davis cannot assert an independent claim for relief under § 1988. (*Id.*). Davis conceded to Defendant's Eleventh Amendment argument and voluntarily dismissed her § 1981 claims. (*See* Doc. Nos. 10 and 12).

That leaves Defendant's § 1988 argument, though it is not clear that the parties have a meaningful dispute on this topic. It is well-settled that § 1988 "does not create an independent cause of action, but rather 'defines procedures under which remedies may be sought in civil rights actions.'" *Marthel v. Bridgestone/Firestone, Inc.*, 926 F. Supp. 1293, 1304 (M.D. Tenn. 1996) (quoting *Schroder v. Volcker,* 864 F.2d 97, 99 (10th Cir. 1988)). *See also City of Sandusky, Ohio v. Coregis Ins. Co.*, 192 F. App'x 355, 360 (6th Cir. 2006) ("A prayer for § 1988 relief is not its own independent claim."). Davis again concedes on this point, stating "[t]here is no assertion of an independent claim to Attorney or Expert Fees separate and apart from the requirement that she be a prevailing party as required by law." (Doc. No. 11 at 2).

Defendant's concern appears to be that Davis has labeled her request for fees and costs under § 1988 as "Count Three" in her Complaint. (Doc. No. 1 at 14); (*see* Doc. No. 14 at 1-2). To the extent clarification of this point is necessary, I conclude the case law establishes Davis may not pursue a stand-alone claim under § 1988. As Defendant acknowledges, Davis may seek relief under § 1988 if she ultimately is a prevailing party in this litigation. (*See* Doc. No. 14 at 2).

For these reasons, I grant Defendant's motion for judgment on the pleadings as to Davis's § 1988 cause of action and deny the motion as moot as to her § 1981 claims. (Doc. No. 9).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

2