# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**WENDY F. DAVIS,**

        Plaintiff,

    v.

**UNIVERSITY OF TOLEDO,**

        Defendant.

Case No. 3:22-cv-00301-JJH

Judge Jeffrey J. Helmick

## DEFENDANT UNIVERSITY OF TOLEDO'S
## MOTION FOR TAXATION OF COSTS

Defendant, University of Toledo, by and through undersigned counsel, and pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), hereby moves this Court for taxation of costs in its favor in the amount of $2,530.35.  A bill of costs, invoices from the court reporter, and a memorandum in support are attached.

    Respectfully submitted,

    **DAVE YOST (0056290)**
    **Attorney General of Ohio**

    */s/ Drew C. Piersall*
    Drew C. Piersall (0078085)
    dpiersall@littler.com
    LITTLER MENDELSON, P.C.
    41 South High Street, Suite 3250
    Columbus, OH  43215
    Telephone:    614.463.4251
    Facsimile:    380.210.1815

    *Attorney for Defendant*
    *UNIVERSITY OF TOLEDO*

**MEMORANDUM IN SUPPORT**

## I.  INTRODUCTION

This was an action in which the Plaintiff Wendy Davis ("Plaintiff") alleged race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 against Defendant University of Toledo ("Defendant" or "UT").  On March 18, 2025, this Court granted summary judgment for Defendant on all claims asserted by Plaintiff, and dismissed the case with prejudice. (Docs. 46, 47).

The costs in question, in the amount of $2,530.35, were expended by Defendant for the deposition transcripts of the Plaintiff (two volumes) and one other deponent, Matthew Schroeder.

All three deposition transcripts were filed with the Court in conjunction with the summary judgment briefing.  Deposing Plaintiff and ordering the deposition transcripts of the other deponent was a reasonably necessary effort to defend the action, and therefore may be recovered as costs. *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).  A bill of costs and invoices from the court reporters are attached hereto as Exhibits A and B respectively.

## II.  LAW AND ARGUMENT

### A.  Costs Are Granted To The Prevailing Party In All But The Most Exceptional Cases

Fed. R. Civ. P. 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." As the Supreme Court has recognized, this language "signals the general proposition that 'liability for costs is a normal incident of defeat.'"  *Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986), quoting *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).  Put another way, the rule creates a "presumption in favor of awarding costs" to the prevailing party.  *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 729 (6th Cir. 1986); *Knology, Inc. v. Insight*

*Commc'ns Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)).  The party objecting to the imposition of costs bears the burden of persuading the court that the imposition is improper.  *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005).

As explained by the District of Columbia Circuit in *Baez v. United States Department of Justice*, 684 F.2d 999, 1003 (D.C. Cir. 1982):

> Unlike attorneys' fees, whose magnitude and unpredictability have discouraged parties with otherwise meritorious claims from litigation, the small and predictable costs of court fees, printing, and court reporters' fees have customarily been viewed as necessary and reasonable incidents of litigation, properly reimbursable to the winning party.

Because of this, "trial judges have rarely denied costs to a prevailing party whose conduct has not been vexatious." *Id.*, 684 F.2d at 1004.

**B.**      **Transcript Costs And Court Reporter Fees Are Recoverable As Costs If "Reasonably Necessary" At The Time The Deposition Was Taken, Even If The Testimony Did Not Prove Pivotal To The Outcome**

The following court reporter fees were expended by Defendant in defense of this action.[1]

| Deponent | Date of Deposition | Cost |
|---|---|---|
| Matthew Schroeder | February 17, 2023 | $606.15 |
| Wendy Davis (Vol. 1) | February 21, 2023 | $1,378.15 |
| Wendy Davis (Vol. 2) | May 17, 2023 | $546.05 |
| **TOTAL** | | **$2,530.35** |

---

[1] It also bears mentioning that Defendant conducted the deposition of Dreyon Wynn, and Plaintiff conducted the depositions of Melissa Hurst and John Elliott.  UT ordered copies of each transcript. However, the parties neither filed nor relied on these deposition transcripts in their respective summary judgment briefs.  Accordingly, UT is not seeking its costs related to the deposition transcripts of Wynn, Hurst, or Elliott.

The controlling statute, 28 U.S.C. § 1920(2), provides that costs may be taxed for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." "Printed or electronically recorded transcripts" plainly include deposition transcripts. *See Hudson v. Nabisco Brands, Inc*., 758 F.2d 1237, 1242 (7th Cir. 1985). "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). In this Circuit, "[n]ecessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

### C. Inability To Pay, And The Disparity Of The Parties' Resources, Are Not Defenses To The Assessment Of Costs

"[T]he ability of the winning party to pay his own costs is irrelevant," *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001), citing *White & White*, 786 F.2d at 730. Plaintiff did not proceed *in forma pauperis*, nor has she established indigency at any time during this proceeding. *Id*.

Moreover, to the extent that Plaintiff asserts UT is a large state-run entity with great resources, this argument has been disposed of by this Court. *See Harper v. Univ. of Toledo*, N.D. Ohio No. 3:22-cv-1308, 2024 U.S. Dist. LEXIS 92970, at **7-8 (May 24, 2024) ("it is error for the Court to consider the prevailing party's ability to bear its own expenses without hardship.") (internal citation omitted).

### D. Any "Chilling Effect" for Future Civil Rights Litigants Does Not Weigh Against Awarding Costs

Costs should not be denied on the theory that to grant costs might deter other litigants from filing meritorious civil rights claims. Simply put, if the general rule is that the loser pays costs, it is hard to see how making an occasional exception for individuals such as Plaintiff will significantly alter the built-in "deterrence" against filing unsuccessful federal actions. As was observed in *Burroughs v. Hills*, 741 F.2d 1525, 1538 (7th Cir. 1984), *cert. denied*, 471 U.S. 1099

(1985) (Posner, J., concurring), "fear of losing seems not to be much of a deterrent" under the existing rule that the loser ordinarily pays.  *Id*., at 1542 (Flaum, J., concurring).

The Sixth Circuit has rejected the argument that an award of costs against an unsuccessful litigant undercuts the remedial purposes of Title VII of the Civil Rights Act of 1964.  *Jones v. Continental Corp*., 789 F.2d 1225, 1233 (6th Cir. 1986); *see also Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489 (7th Cir. 1982) and *Baez v. United States Dep't of Justice*, 684 F.2d 999, 1003 (D.C. Cir. 1982).  This Court recently addressed and discarded this precise argument in an employment discrimination case that was disposed of in its entirety on summary judgment, but involved a much larger requested cost bill of $18,769.00.  *Brinson v. Summit Cnty*., N.D. Ohio No. 5:21-cv-1638, 2023 U.S. Dist. LEXIS 163934, at \*\*7-8 (Sept. 15, 2023).  The *Brinson* Court held:

> There is a sound policy reason to encourage potentially meritorious litigants to bring suit without fear of large cost assessments.  But here, Brinson's claims were neither close nor difficult.  As discussed above, Brinson failed to produce any evidence to support his many claims.  As such, this Court finds little risk that assessing costs against Brinson would deter future litigants with potentially meritorious claims—so long as they have some evidence to support their claims.  *See Hildebrandt v. Hyatt Corp*., No. 1:02-cv-3, 2006 U.S. Dist. LEXIS 78163, at \*10 (S.D. Ohio Oct. 26, 2006). ("[D]espite [p]laintiff's claims of a chilling effect, the Sixth Circuit continues to indicate that an award of Rule 54 costs to prevailing employers in employment discrimination cases is appropriate.") (citing cases).  This factor weighs in favor of assessing defendants' costs.

The Court's decision in *Hildebrandt* cites no less than four Sixth Circuit cases that stand for the proposition that prevailing employers are entitled to costs in employment discrimination cases. *Id*., at \*10.

There is no support for any 'chilling effect' on Plaintiff's Title VII claims, as compared to any other case brought by an individual alleging discrimination against an employer.  *Yarberry v. Gregg Appliances, Inc*., S.D. Ohio No. 1:12-cv-611, 2017 U.S. Dist. LEXIS 17891, at \*4 (Feb. 8,

2017) citing *Johnson v. Cleveland City School Dist.*, N.D. Ohio No. 1:07-cv-1610, 2009 U.S. Dist. LEXIS 13433, at *1 (Feb. 3, 2009) (awarding costs to prevailing defendant in ADA case, including costs for deposition transcripts) (citing *Jones*, 789 F.2d at 1233); *Harper*, 2024 U.S. Dist. LEXIS 92970 at *7 ("the Sixth Circuit has repeatedly upheld awards of costs to employers who prevail in employment discrimination cases.").

## III.  CONCLUSION

For the foregoing reasons, Defendant submits that its Motion is well-taken and respectfully requests for the taxation of $2,530.35 against Plaintiff.

Respectfully submitted,

**DAVE YOST (0056290)**
**Attorney General of Ohio**

*/s/ Drew C. Piersall*
Drew C. Piersall (0078085)
dpiersall@littler.com
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH  43215
Telephone:     614.463.4251
Facsimile:      380.210.1815

*Attorney for Defendant*
*UNIVERSITY OF TOLEDO*

6

## CERTIFICATE OF SERVICE

I hereby certify that, on this 1st day of April, 2025, the foregoing *Defendant University of Toledo's Motion for Taxation of Costs* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Drew C. Piersall*
Drew C. Piersall (0078085)

4929-2120-6832.1 / 128983.1000